UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEYRONE MARTIN                                              CIVIL ACTION

VERSUS                                                      NUMBER: 15-2018

MARLIN N. GUSMAN, ET AL.                                    SECTION: "H"(5)

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Keyrone Martin, has filed the above-captioned 42 U.S.C. §1983 proceeding *in forma pauperis* ("IFP") against Defendants, Sheriff Marlin N. Gusman, Sergeant Gibson, Sergeant Weaver, Major Bonita J. Pittman, Sergeant Fare, and Sergeant Steele of the Orleans Parish Prison ("OPP"). (Rec. doc. 1, pp, 1, 4).

Plaintiff is an inmate of OPP. As his statement of claim set forth on the standardized §1983 complaint form that he submitted to the Court, Plaintiff alleges only as follows:

> Each official has ignored inmate condition[s] and [is] still failing to reinvigorate the conditions of the population. Plaintiff is seeking compensatory/injunctive relief.

(Rec. doc. 1, p. 4).

Attached to the standardized complaint form is a handwritten, self-styled §1983 complaint signed by Plaintiff in which he also requests unspecified declaratory relief. (Rec. doc. 1, pp. 7-8). In that handwritten complaint, Plaintiff cites cases from the Seventh Circuit and the Middle District of Tennessee, additionally alleging that "[i]nmate's literally masterbate (sic) and prepare and serve food with no gloves, hair nets are (sic) any type of mask to stop saliva from springing from their mouth[s] while talking." (*Id.* at p. 8). The Civil Cover Sheet appended to Plaintiff's complaint reflects that the Defendants are being

sued in both their official and individual capacities. (*Id.* at p. 9). It also includes a quantification of Plaintiff's alleged damages at $40,000.00. (*Id.*).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As noted above, Plaintiff has sued the named Defendants in both their official and individual capacities. "In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much

2

less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against the named Defendants in their individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is not a concept which is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying the Defendants as such in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding the Defendants' involvement in, or even awareness of, the conditions of confinement of which he complains herein. The set of facts enunciated by Plaintiff simply does not illustrate each Defendants' participation in the alleged wrongs and are thus insufficient to establish §1983 liability here. *Jacquez v. Procunier*, 801 F.2d 787, 793 (5th Cir. 1986).

Turning to the allegations that were pled by Plaintiff, those that he set forth in the standardized complaint form that he completed do not identify any specific jail condition,

3

much less a condition that warrants constitutional scrutiny. While the allegations presented in Plaintiff's handwritten complaint, if indeed they are true, give the Court some pause, he does not allege that he has become ill from or has even been unable to consume the prison food on any occasion. Although jail food must be prepared under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it, inmates cannot expect the amenities, conveniences, and services of a good hotel. *Billizone v. Jefferson Parish Correctional Center*, No. 14-CV-1263, 2015 WL 1897683 at *5 (E.D. La. Apr. 27, 2015)(quotations and citations omitted). "[W]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *Gabriel v. Gusman*, No. 10-CV-1688, 2010 WL 3169840 at *6 (E.D. La. July 16, 2010), *adopted*, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); *accord Billizone*, 2015 WL 1897683 at *5; *Billizone v. Jefferson Parish Correctional Center*, No. 14-CV-2594, 2015 WL 966149 at *8 (E.D. La. Mar. 4, 2015); *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *4 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011); *Spurlock v. Gusman*, No. 10-CV-0991, 2010 WL 2102829 at *7 (E.D. La. May 5, 2010), *adopted*, 2010 WL 2102825 (E.D. La. May 25, 2010). By way of example, the fact that inmates must eat in the vicinity of toilet facilities, while unpleasant, is not unconstitutional. *Gabriel*, 2010 WL 3169840 at *6 (and cases cited therein). Moreover, absent a showing of physical injury, Plaintiff's request for compensatory damages is barred by 42 U.S.C. §1997e(e). *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008). In light of these ample authorities, it will be recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of September, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE